Francisco Gutierrez **CERVANTES,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–71552.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

John Ayala, Esq., Alma Cobos-Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Esq., Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Greg D. Mack, Esq., Leslie McKay, Kristin K. Edison, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Francisco Gutierrez Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to remand and dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny in part and dismiss in part the petition for review.

Gutierrez Cervantes contends the IJ violated his due process rights by failing to fully develop the record with regard to his United States citizen son's condition. Contrary to Gutierrez Cervantes' contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Gutierrez Cervantes failed to demonstrate that additional evidence would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

The evidence Gutierrez Cervantes presented with his motion to remand concerned the same basic hardship grounds as his application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006); *see also Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

(9th Cir.2003) (explaining that motions to remand are treated the same as motions to reopen). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(I) bars this court from revisiting the merits). Furthermore, Gutierrez Cervantes' contentions that he was denied due process because the BIA failed to provide a meaningful review of the evidence or provide a reasoned decision are unavailing. *See id.* at 603–04.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.